UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DIRECTV, INC., a California corporation,

Plaintiff,

v.

STEPHEN P. LAFOUNTAIN,

Defendant.

No. 04 CV 0139

COMPLAINT FOR COMPENSATORY, STATUTORY AND OTHER DAMAGES, AND FOR INJUNCTIVE RELIEF

Gordon J. Quist
U.S. District Judge

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Plaintiff
Norman C. Ankers (P30533)
Eric J. Eggan (P32368)
Janice Keays Smith (P63038)
Angela Emlet-Dardas (P61941)
222 N. Washington Square, Ste. 400
Lansing, MI 48933-1800
(517) 377-0705

Plaintiff DIRECTV, Inc., through its attorneys, alleges as follows:

## INTRODUCTION

1. Plaintiff DIRECTV is the nation's leading direct broadcast satellite company, delivering over 225 channels of television and other programming to more than 10 million homes and businesses in the United States. DIRECTV's television programming currently includes major cable networks, studio movies and special events programming, as well as a variety of sports and other special interests programming. DIRECTV, a California corporation, has invested more than $1.25 billion to develop its direct broadcast satellite system.

2. DIRECTV encrypts – electronically scrambles – its satellite transmissions to provide security for and prevent unauthorized viewing of its satellite television

1

programming. DIRECTV offers its television programming to residential and business customers on a subscription and pay-per-view basis only. Each customer is required to obtain a DIRECTV Access Card and other system hardware (including a small satellite dish) and create an account with DIRECTV. Upon activation of the Access Card by DIRECTV, the customer can receive and view in a decrypted format (i.e., unscrambled) those channels to which the customer has subscribed or otherwise arranged to purchase from DIRECTV.

3.    On or about September 10, 2002, DIRECTV served a Temporary Restraining Order and Impoundment Order issued by the United States District Court for the Middle District of Florida upon a business named "Testsat.tv" and Jeff Ambler, the operator of Testsat.tv. Testsat.tv was physically located in the state of Florida; but, due to the expansive reach of internet sales, Testsat.tv was able to conduct business nationwide and across many countries. Testsat.tv's business enterprise focused on distributing electronic devices primarily designed to assist in the surreptitious interception of satellite communications broadcast by DIRECTV ("Pirate Access Devices"). Pursuant to the court order, DIRECTV obtained various business records evidencing the ongoing illegitimate enterprise, including orders, invoices, shipping documentation, purchase receipts, credit card receipts and customer lists. Testsat.tv's customers ordinarily placed orders over websites operated by Testsat.tv, identified as "www.testsat.tv." The business records obtained in the raid evidence each Defendant's purchases of Pirate Access Devices from Testsat.tv, and in reliance on those records and other information, and upon information and belief, DIRECTV sets forth the allegations of this Complaint.

4.    Defendant is a resident of this District. DIRECTV alleges that defendant purchased and used Pirate Access Devices that are designed to permit viewing of DIRECTV's television programming without authorization by or payment to DIRECTV.

5.    Defendant's actions violate the Federal Communications Act of 1934, as amended, 47 U.S.C. §605 and the Electronic Communications Privacy Act ("Federal

Wiretap Laws"), 18 U.S.C. §§2510-2521. DIRECTV brings this action to restrain these illegal activities against it.

## PARTIES

6.   Plaintiff DIRECTV, Inc. is a corporation duly incorporated under the laws of the State of California. DIRECTV has significant interests in securing and maintaining the integrity of its satellite transmissions of television programming, and in prohibiting the unauthorized reception and use of the same.

7.   Defendant Stephen P. Lafountain is a resident of Portage, Michigan. Upon information and belief, beginning on or about December 2001, defendant Lafountain purchased one Pirate Access Device from TestSat.tv. Defendant placed the order(s) by using interstate or foreign wire facilities and received the order(s) via the Postal Service or commercial mail carriers. Specifically, these illegal purchase(s) included the following transaction:

(a)   On or about December 11, 2001, defendant Lafountain purchased one Pirate Access Device, consisting of a printed circuit board device called a "Loader," from TestSat.tv. The device was shipped to defendant Lafountain at the defendant's address in Portage, Michigan.

## JURISDICTION AND VENUE

8.   This action arises under the Federal Communications Act of 1934, as amended, 47 U.S.C. §605 and the Electronic Communications Privacy Act ("Federal Wiretap Laws"), 18 U.S.C. §§2510-2521.

3

9. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a), 47 U.S.C. §605(e)(3)(A), and 18 U.S.C. §2520(a).

10. Defendant is a resident of this District. Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. §1391(b).

## FIRST CLAIM

### UNAUTHORIZED RECEPTION OF SATELLITE SIGNALS IN VIOLATION OF 47 U.S.C. §605(a)

11. Plaintiff DIRECTV repeats and realleges the allegations in the preceding paragraphs.

12. Defendant received and/or assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization, in violation of 47 U.S.C. §605(a).

13. Defendant's violations have injured DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration and compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

14. Defendant knew or should have known that receiving and assisting third persons in receiving DIRECTV's satellite transmissions of television programming without authorization by or payment to DIRECTV was and is illegal and prohibited. Such violations have caused DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress such continued violations.

## SECOND CLAIM
### IMPORTATION, MANUFACTURE, ASSEMBLY, MODIFICATION, SALE OR DISTRIBUTION OF SIGNAL THEFT DEVICES IN VIOLATION OF THE FEDERAL COMMUNICATIONS ACT, 47 U.S.C. §605(e)(4)

15. Plaintiff DIRECTV repeats and realleges the allegations in the preceding paragraphs.

16. Defendant has imported or caused to be imported to the United States, manufactured, assembled, modified, sold or distributed signal theft devices, knowing or having reason to know that the design of such devices render them primarily useful for the unauthorized decryption of DIRECTV's satellite transmissions of television programming, or intended to assist other persons in the unauthorized reception of DIRECTV's satellite transmission of television programming, in violation of 47 U.S.C. § 605(e)(4).

17. Defendant's violations have injured DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration and compromising DIRECTV's security and accounting systems, and interfering with DIRECTV's contractual and prospective business relations.

18. Defendant knew or should have known that importing, manufacturing, assembling, modifying, selling and/or distributing signal theft devices was, and is, prohibited. Such violations have caused DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations.

## THIRD CLAIM
### UNAUTHORIZED INTERCEPTION OF ELECTRONIC COMMUNICATIONS IN VIOLATION OF 18 U.S.C. §2511(1)(a)

19. Plaintiff DIRECTV repeats and realleges the allegations in the preceding paragraphs.

20. By using Pirate Access Devices to decrypt and view DIRECTV's satellite transmissions of television programming, defendant intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept, DIRECTV's satellite transmission of television programming, in violation of 18 U.S.C. §2511(1)(a).

21. Defendant's violations have injured DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration and compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

22. Defendant knew or should have known that such interception of DIRECTV's satellite transmissions of television programming was and is illegal and prohibited. Such violations have caused DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress such continued violations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff DIRECTV requests that this Court grant the following relief:

(1) Find the defendant's conduct in importing into the United States, manufacturing, assembling, modifying, selling, distributing, or using Pirate Access Devices violates 47 U.S.C. §§ 605(a) and 605(e)(4), and 18 U.S.C. § 2511(1)(a) and further find that defendant's violations were willful, malicious or for a tortious or illegal purpose;

(2) In accordance with 47 U.S.C. § 605(e)(3)(B)(i), and 18 U.S.C. § 2520(b)(1) enjoin and restrain defendant, and persons controlled directly and indirectly by defendant, from

    (a) engaging in, or attempting to engage in, the unauthorized interception of DIRECTV's satellite television signals;

    (b)    assisting, aiding, procuring, and/or abetting third persons in the unauthorized interception of DIRECTV's satellite television signals;

(3)    In the event of a default, award statutory damages including, but not limited to, $10,000 for each violation of 47 U.S.C. § 605(a) and/or 47 U.S.C. § 605(e)(4) and/or 18 U.S.C. § 2511(1)(a) alleged herein, and a further award of DIRECTV's reasonable attorneys' fees and costs in the amount of $850;

(4)    In the event of trial, an award of statutory, compensatory and/or punitive damages in accordance with 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II) and 18 U.S.C. § 2520(c)(2); and DIRECTV's reasonable attorneys' fees and costs in accordance with 47 U.S.C. § 605(e)(3)(B)(iii) and 18 U.S.C. § 2520(b)(3);

(5)    For such additional relief as the Court deems just and equitable.

DATED: Sept. 8, 2004.    Respectfully submitted,

HONIGMAN MILLER SCHWARTZ & COHN LLP

By: _____
Eric J. Eggan (P32368)
Janice Keays Smith (P63038)
Angela Emlet-Dardas (P61941)
Honigman Miller Schwartz & Cohn LLP
222 North Washington Square, Suite 400
Lansing, Michigan 48933-1800
(517) 377-0706